UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| JONATHAN E. JOUETTE | NO. 17-00009-BAJ-RLB |

## RULING AND ORDER

Before the Court is Defendant's **Motion For Compassionate Release Pursuant To 18 U.S.C. § 3582(c)(1)(a)(i) (Doc. 64)**. The Government opposes Defendant's Motion. (Doc. 65). For the following reasons, Defendant's Motion will be denied.

### I. BACKGROUND

On April 20, 2017, Defendant pleaded guilty to one count of unlawful possession of a firearm by a convicted felon. (Doc. 33 at p. 26).

On August 31, 2017, the Court entered its judgment sentencing Defendant to a term of imprisonment of 180 months. (Doc. 29). Defendant appealed his sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed. (Doc. 40). Defendant then petitioned for a writ of certiorari to the United States Supreme Court, which was denied. (Doc. 41). Defendant then filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in this Court, which was also denied. (Docs. 42, 49, 57). Defendant again appealed, and said appeal was subsequently dismissed for want of prosecution. (Docs. 59, 63).

Defendant is currently incarcerated at USP Pollock. His projected release date

is August 4, 2030.¹

Defendant now moves for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing the severity of his initial sentence and the self-improvements he has made since incarceration. (Doc. 64 at pp. 4-6).

At Defendant's sentencing, the Court recognized that the applicable mandatory minimum of a 180-month term of imprisonment as required by the Armed Career Criminal Act was an overly harsh result, but one that was mandated by law. (Doc. 34 at p. 24). The Court holds those sentiments still. Further, the Court takes Defendant's statements regarding his rehabilitation at face value, and commends the strides he has made.

## II. ANALYSIS

### A. Standard

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). A defendant seeking compassionate release must show (1) "extraordinary and compelling reasons warrant such a reduction," and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Mathes*, No. 14-cr-69, 2020 WL 4014748, at *3 (M.D. La. July 16, 2020) (Dick, C.J.) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.").

When, as here, the defendant files a motion for compassionate release on his

---

¹ *See* https://www.bop.gov/inmateloc/ (last visited Mar. 23, 2024).

2

own behalf, the Court's discretion "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Still, even if the Sentencing Commission's guidance is *not* dispositive, it informs the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied* No. 20-7832 (U.S. May 24, 2021).

The Sentencing Commission recognizes that "extraordinary and compelling" reasons may be found in: 1) the medical circumstances of the defendant, 2) the age of the defendant, 3) the family circumstances of the defendant, 4) whether the defendant has been a victim of abuse while in custody, 5) other reasons to be raised by the defendant, when those reasons are similar in gravity to those described above, and 6) the defendant receiving an unusually long sentence, when the defendant has served at least 10 years of that sentence and a change in law has occurred since defendant's incarceration that results in a "gross disparity" between the sentence being served and the sentence likely to be imposed were the defendant to be sentenced after the change in law. U.S.S.G. § 1B1.13.

**B. Discussion**

Defendant seeks a 60-month reduction to his sentence. (Doc. 64 at p. 4). Unfortunately, Defendant has not demonstrated extraordinary and compelling reasons to justify this sentence reduction.

The Fifth Circuit has stated that prisoners can only seek relief under § 3582(c) when they face "some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *United States v. Escajeda*, 58 F.4th

3

184, 186 (5th Cir. 2023). As noted by the Government, the length of Defendant's mandatory minimum sentence is not the kind of exigency that is unique to his life, nor does it form the basis of an exigency that was unforeseeable at the time of sentencing. (Doc. 65 at pp. 6-7). Further, Defendant's lengthy sentence does not fall within any of the Sentencing Commission's guideline factors for "extraordinary and compelling" reasons to reduce an incarcerated person's sentence. *See* U.S.S.G. § 1B1.13. Lastly, and while the Court again acknowledges and applauds Defendant's rehabilitation while incarcerated, "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion For Compassionate Release Pursuant To 18 U.S.C. § 3582(c)(1)(a)(i) (Doc. 64)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 3rd day of April, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

4